


**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**



**Richmond Division**

**SHARON LYNN ROSS,**

**Plaintiff**

**CIVIL NO.** 3:09cv144(HEH)

**EXPERIAN INFORMATION SOLUTIONS ,INC.**

**SERVE: David N. Anthony, Registered Agent
1001 Haxall Point
Richmond, VA 23219**

**and**

**TRANS UNION, LLC.**

**SERVE: Corporation Service Company, Registered Agent
11 S. 12th Street
Richmond, VA 23218**

**and**

**EQUIFAX INFORMATION SERVICES, LLC.**

**SERVE: Corporation Service Company, Registered Agent
11 S. 12th Street
Richmond, VA 23218**

**GE MONEY BANK,**

**SERVE: Secretary of the Commonwealth
1111 East Broad Street
4th Floor
Richmond, VA 23219**

**CHASE BANK, USA, formerly known as
FIRST USA, NA**

**SERVE: Secretary of the Commonwealth
1111 East Broad Street
4th Floor
Richmond, VA 23219**

**MACY'S/DEPARTMENT STORE NATIONAL BANK,**

**SERVE:** Secretary of the Commonwealth
1111 East Broad Street
4th Floor
Richmond, VA 23219

**FIRST NATIONAL BANK OMAHA,**

**SERVE:** Secretary of the Commonwealth
1111 East Broad Street
4th Floor
Richmond, VA 23219

**TRIBUTE/FBD,**

**SERVE:** Secretary of the Commonwealth
1111 East Broad Street
4th Floor
Richmond, VA 23219

**CREDIT ONE BANK,**

**SERVE:** Secretary of the Commonwealth
1111 East Broad Street
4th Floor
Richmond, VA 23219

**APPLIED CARD BANK,**

**SERVE:** Secretary of the Commonwealth
1111 East Broad Street
4th Floor
Richmond, VA 23219

**UNITED COLLECTION BUREAU, INC.**

**SERVE:** Secretary of the Commonwealth
1111 East Broad Street
4th Floor
Richmond, VA 23219

**Defendants**

# COMPLAINT

COMES NOW the Plaintiff, **SHARON ROSS**, (hereafter collectively the "Plaintiff") by counsel, and for her complaint against the Defendants, alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to and upon Defendants' violations of the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681 et seq.

## JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1367. Venue is proper in this District and Division as each Defendant does significant business here and a significant part of the Plaintiff's claim arose here.

## PARTIES

3. The Plaintiff is a natural person and a "consumer" as defined by 15 U.S.C. §1681a(c).

4. Upon information and belief, EQUIFAX INFORMATION SERVICES, LLC. ("Equifax") is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

5. Upon information and belief, Equifax is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

8. Upon information and belief, Experian is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

9. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

10. Upon information and belief, TRANS UNION, LLC. ("Trans Union") is a corporation authorized to do business in the State of Virginia through its registered offices in Glen Allen, Virginia.

11. Upon information and belief, Trans Union is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

12. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

13. Upon information and belief, GE Money Bank is a substantive furnisher and user of consumer reports as defined and governed by the Fair Credit Reporting Act.

14. Upon information and belief, Chase Bank, USA, formerly known as First USA, NA is a substantive furnisher and user of consumer reports as defined and governed by the Fair Credit Reporting Act.

15. Upon information and belief, Macy's/Department Store National Bank, is a substantive furnisher and user of consumer reports as defined and governed by the Fair Credit Reporting Act.

16. Upon information and belief, First National Bank of Omaha, is a substantive furnisher and user of consumer reports as defined and governed by the Fair Credit Reporting Act.

17. Upon information and belief, Tribute, FSB is a substantive furnisher and user of consumer reports as defined and governed by the Fair Credit Reporting Act.

18. Upon information and belief, Credit One Bank, is a substantive furnisher and user of consumer reports as defined and governed by the Fair Credit Reporting Act.

19. Upon information and belief, Applied Card Bank is a substantive furnisher and user of consumer reports as defined and governed by the Fair Credit Reporting Act.

20. Upon information and belief United Collections Bureau, Inc. is a substantive furnisher and user of consumer reports as defined and governed by the Fair Credit Reporting Act.

## FACTS

21. On or about January 1, 2007, Defendant, GE Money Bank(Wal-Mart), obtained the Plaintiff's consumer report from Trans Union without a permissible purpose.

22. On or about January 1, 2007, Defendant Trans Union furnished the Plaintiff's consumer report to Defendant, GE Money Bank(Wal-Mart), without permissible purpose and without reasonable procedures to obtain verification that the co-defendant had a permissible purpose to obtain the Plaintiff's consumer report

23. On or about March 15, 2007, Defendant, Chase Bank, USA, formerly First USA, NA, obtained the Plaintiff's consumer report from Trans Union without a permissible purpose.

24. On or about March 15, 2007, Defendant Trans Union furnished the Plaintiff's consumer report to Defendant, Chase Bank, USA, formerly known as First USA, NA, without

permissible purpose and without reasonable procedures to obtain verification that the co-defendant had a permissible purpose to obtain the Plaintiff's consumer report

25. On or about March 9, 2007, Defendant, Macy's/Department Store National Bank, obtained the Plaintiff's consumer report from Experian without a permissible purpose.

26. On or about March 9, 2007, Defendant Experian furnished the Plaintiff's consumer report to Defendant Macy's/Department Store National Bank, without permissible purpose and without reasonable procedures to obtain verification that the co-defendant had a permissible purpose to obtain the Plaintiff's consumer report

27. On or about March 22, 2007, Defendant, First National Bank of Omaha, obtained the Plaintiff's consumer report from Experian without a permissible purpose.

28. On or about March 22, 2007, Defendant Experian furnished the Plaintiff's consumer report to Defendant First National Bank of Omaha, without permissible purpose and without reasonable procedures to obtain verification that the co-defendant had a permissible purpose to obtain the Plaintiff's consumer report

29. On or about April 16, 2007, Defendant, GE Money Bank(JC Penney's), obtained the Plaintiff's consumer report from Equifax and Trans Union without a permissible purpose.

30. On or about April 16, 2007, Defendant, Equifax and Trans Union furnished the Plaintiff's consumer report to Defendant GE Money Bank (JC Penney's), without permissible purpose and without reasonable procedures to obtain verification that the co-defendant had a permissible purpose to obtain the Plaintiff's consumer report

31. On or about May 12, 2007, Defendant, Tribute/FBD, obtained the Plaintiff's consumer report from Trans Union without a permissible purpose.

32. On or about May 12, 2007, Defendant, Trans Union furnished the Plaintiff's consumer report to Defendant, Tribute/FBD, without permissible purpose and without reasonable procedures to obtain verification that the co-defendant had a permissible purpose to obtain the Plaintiff's consumer report

33. On or about May 14, 2007, Defendant, Credit One Bank, obtained the Plaintiff's consumer report from Experian without a permissible purpose.

34. On or about May 14, 2007, Defendant Experian furnished the Plaintiff's consumer report to Defendant Credit One Bank, without permissible purpose and without reasonable procedures to obtain verification that the co-defendant had a permissible purpose to obtain the Plaintiff's consumer report.

35. On or about July 2, 2007, Defendant, Applied Card Bank, obtained the Plaintiff's consumer report from Trans Union without a permissible purpose.

36. On or about July 2, 2007, Defendant Trans Union furnished the Plaintiff's consumer report to Defendant, Applied Card Bank, without permissible purpose and without reasonable procedures to obtain verification that the co-defendant had a permissible purpose to obtain the Plaintiff's consumer report

37. On or about July 18, 2007 Plaintiff received a phone call regarding an unpaid balance on a Sears credit card. Plaintiff advised the representative that she was unaware of such an account and reported it to the fraud department. Out of concern, Plaintiff obtained copies of her credit reports with Equifax, Experian and Trans Union and learned that each Consumer Reporting Agency was reporting credit accounts for which Plaintiff was not responsible, including two Capital One accounts and one Capital One Auto Finance account amongst others. Plaintiff also noticed that each Credit Reporting Agency was reporting personal identifying

information that was not hers and that each furnished her credit report to various persons without her knowledge and consent.

38. On or about July 23, 2007 Plaintiff obtained a copy of her Trans Union Consumer Disclosure. Plaintiff discovered that Trans Union was reporting 25 accounts that were not hers, including two Capital One accounts and a Capital One Auto Finance account. In addition Trans Union was reporting inaccurate personal identifying information that did not belong to the Plaintiff. Plaintiff further noticed that Trans Union had furnished her credit report to numerous persons without her knowledge and authorization within the last two years.

39. Plaintiff disputed the inaccurate information with Trans Union as not belonging to her. Upon receipt of the Trans Union Investigation Report dated August 22, 2007, Plaintiff was shocked to learn that after the investigation, many of the disputed accounts were "verified" as belonging to the Plaintiff, which again was inaccurate as Plaintiff had never opened the reported accounts with these entities.

40. On or about July 30, 2007 Plaintiff obtained a copy of her Experian Consumer Disclosure. Plaintiff discovered that Experian was also reporting 25 accounts that were not hers, including two Capital One credit card accounts and a Capital One Auto Finance account. In addition Experian was also reporting inaccurate personal identifying information that did not belong to the Plaintiff.

41. Plaintiff further noticed that Experian had furnished her credit report to numerous credit companies without her knowledge and authorization within the last two years.

42. Plaintiff disputed the inaccurate information with Experian as not belonging to her. Upon receipt of the Experian Investigation Report dated August 6, 2007, Plaintiff was shocked to learn that after the investigation, many of the disputed accounts were "verified" as

belonging to the Plaintiff, which again was inaccurate as Plaintiff had never opened the credit accounts with these entities.

43. On or about August 15, 2007 Plaintiff reviewed a copy of her Equifax Consumer Disclosure. Plaintiff discovered that Equifax was reporting 16 accounts that were not hers, including a Capital One credit card account. In addition Equifax was reporting inaccurate personal identifying information that did not belong to the Plaintiff. Plaintiff further noticed that Equifax had furnished her credit report to numerous persons without her knowledge and authorization within the last two years.

44. Plaintiff disputed the inaccurate information with Equifax as not belonging to her. Upon receipt of the Equifax Investigation Results dated August 16, 2007, Plaintiff learned that after the investigation, many of the disputed accounts were "verified" as belonging to the Plaintiff and remained on her report. Again, this was inaccurate, as the Plaintiff had never opened credit account with these entities.

45. On or about November 10, 2007, United Collection Bureau, Inc., obtained the Plaintiff's consumer report from Experian without a permissible purpose.

46. On or about November 10, 2007, Defendant, Experian furnished the Plaintiff's consumer report to Defendant, United Collection Bureau, Inc., without permissible purpose and without reasonable procedures to obtain verification that the co-defendant had a permissible purpose to obtain the Plaintiff's consumer report

47. During Plaintiff's numerous phone calls with the Consumer Reporting Agencies and various individuals during her dispute process, Plaintiff learned that information from another consumer by the name of Sharon "D" Ross, who lived in the Chicago, Illinois area had been mixed and merged within her credit file.

48. The Reportings were false. The Plaintiff never signed the any application for credit for any of the disputed accounts and was never legally responsible for same.

49. In addition to the disputes alleged in detail herein, the Plaintiff made multiple additional disputes to Trans Union, Equifax and Experian regarding these alleged credit accounts and others, all because they did not belong to her.

50. Defendants each received, but ignored the Plaintiff's disputes and did refuse to delete the inaccurate information regarding the accounts from the Plaintiff's credit file.

51. Defendants each had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the information.

52. On numerous occasions, Defendants Equifax, Experian and Trans Union furnished the Plaintiff's consumer reports to various persons without permissible purpose and without reasonable procedures to obtain verification that these entities had a permissible purpose to obtain the Plaintiff's consumer report.

**COUNT ONE – VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**FCRA, 15 U.S.C. §1681b(f)**

**(GE Money Bank, Chase Bank, USA, formerly First USA, NA, Macy's/Department Store National Bank, First National Bank Omaha, Tribute, FBD, Credit One Bank, Applied Card Bank, and United Collection Bureau, Inc)**

53. Plaintiff reiterates and incorporates the allegations contained in paragraphs 1 through 52 above as if fully set out herein.

54. Defendants, GE Money Bank, Chase Bank, USA, formerly First USA, NA, Macy's/Department Store National Bank, First National Bank Omaha, Tribute, FBD, Credit One Bank, Applied Card Bank and United Collection Bureau, Inc., each violated the FCRA, 15

U.S.C. §1681b(f) by obtaining and using the Plaintiff's consumer reports without a permissible purpose to do so.

55. As a result of GE Money Bank, Chase Bank, USA, formerly First USA, NA, Macy's/Department Store National Bank, First National Bank Omaha, Tribute, FBD, Credit One Bank, Applied Card Bank and United Collection Bureau, Inc.'s conduct, actions and inaction, the Plaintiff suffered actual damages.

56. Defendants, GE Money Bank, Chase Bank, USA, formerly First USA, NA, Macy's/Department Store National Bank, First National Bank Omaha, Tribute, FBD, Credit One Bank, Applied Card Bank and United Collection Bureau, Inc's conduct, actions and inaction were willful, rendering each Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681. In the alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

57. The plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from each of the Defendants, GE Money Bank, Chase Bank, USA, formerly First USA, NA, Macy's/Department Store National Bank, First National Bank Omaha, Tribute, FBD, Credit One Bank, Applied Card Bank and United Collection Bureau, Inc., in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681b**
**(Equifax, Experian and Trans Union)**

58. Plaintiff reiterates and incorporates the allegations contained in paragraphs 1 through 66 above as if fully set out herein.

59. Defendants, Equifax, Experian and Trans Union violated the FCRA, 15 U.S.C. §1681b by providing the Plaintiff's consumer reports without a permissible purpose to do so.

60. Defendants, Equifax, Experian and Trans Union each violated the FCRA, 15 U.S.C. §1681e(a) by providing the Plaintiff's consumer reports without reasonable procedures to assure the proper use of and lawful purpose for such reports.

61. As a result of Equifax, Experian and Trans Union's conduct, actions and inaction, the Plaintiff suffered actual damages.

62. Equifax, Experian and Trans Union's conduct, actions and inactions were willful, rendering each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681. In the alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

63. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian and Trans Union each in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACTS**
**15 U.S.C. §1681e(b)**
**(Equifax, Experian and Trans Union)**

64. The Plaintiff realleges and incorporates paragraphs 1 through 63 above as if fully set out herein.

65. Defendants, Equifax, Experian and Trans Union each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files they published and maintain concerning the Plaintiff.

66. As a result of the conduct, actions and inactions of each of the Defendants the Plaintiff suffered actual damages.

67. Defendants' conduct, actions and inactions were willful, rendering each of the Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, the Defendants were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

68. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from each of the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT**
**§15 U.S.C. 1681i(a)(1)**
**(Equifax, Experian and Trans Union)**

69. Plaintiff realleges and incorporates paragraphs 1 through 68 above as if fully set out herein.

70. Defendants, Equifax, Experian and Trans Union each violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit file.

71. As a result of the conduct, actions and inactions of Defendants, Equifax, Experian and Trans Union, the Plaintiff suffered actual damages.

72. Defendants, Equifax, Experian and Trans Union's conduct, actions and inactions were willful, rendering Defendants, Equifax, Experian and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants, Equifax, Experian and Trans Union were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

73. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**§15 U.S.C. 1681i(a)(2)**
**(Equifax, Experian and Trans Union)**

74. Plaintiff realleges and incorporates paragraphs 1 through 73 above as if fully set out herein.

75. Defendants, Equifax, Experian and Trans Union each violated 15 U.S.C. §1681i(a)(2) on multiple occasions by failing to provide to the furnishers all relevant information regarding the Plaintiff's dispute.

76. As a result of the conduct, actions and inactions of Defendants, Equifax, Experian and Trans Union, the Plaintiff suffered actual damages

77. Defendants, Equifax, Experian and Trans Union's conduct, actions and inactions were willful, rendering Defendants, Equifax, Experian and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants, Equifax, Experian and Trans Union were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

78. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT**
**§15 U.S.C. 1681i(a)(4)**
**(Equifax, Experian and Trans Union)**

79. Plaintiff realleges and incorporates paragraphs 1 through 87 above as if fully set out herein.

80. Defendants, Equifax, Experian and Trans Union each violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

81. As a result of the conduct, actions and inactions of Defendants, Equifax, Experian and Trans Union, the Plaintiff suffered actual damages.

82. Defendants, Equifax, Experian and Trans Union's conduct, actions and inactions were willful, rendering Defendants, Equifax, Experian and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants, Equifax, Experian and Trans Union were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

83. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT**
**§15 U.S.C. 1681i(a)(5)(A)**
**(Equifax, Experian and Trans Union)**

84. Plaintiff realleges and incorporates paragraphs 1 through 91 above as if fully set out herein.

85. Defendants, Equifax, Experian and Trans Union each violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon an accurate reinvestigation.

86. As a result of the conduct, actions and inactions of Defendants, Equifax, Experian and Trans Union, the Plaintiff suffered actual damages.

87. Defendants, Experian, Equifax and Trans Union's conduct, actions and inactions were willful, rendering Defendants, Equifax, Experian and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants, Equifax, Experian and Trans Union were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

88. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT**
**§15 U.S.C. 1681i(a)(5)(C)**
**(EQUIFAX)**

89. Plaintiff realleges and incorporates paragraphs 1 through 97 above as if fully set out herein.

90. Defendant, Equifax violated 15 U.S.C. §1681i(a)(5)(C) on multiple occasions by failing to maintain procedures designed to prevent the reappearance of deleted inaccurate information in Plaintiff's credit file.

91. As a result of the conduct, actions and inactions of Defendant, Equifax, the Plaintiff suffered actual damages.

92. Defendant, Equifax's conduct, actions and inactions were willful, rendering Defendant, Equifax liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant, Equifax was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

93. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant, Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Your Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

TRIAL BY JURY IS DEMANDED.

**SHARON LYNN ROSS,**

By________________________
Of Counsel

LEONARD A. BENNETT, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
(Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 facsimile